No. 12,801.

JOHN ADER vs. EDWARD P. FOLEY AND JAMES A. BRENNAN.

1. The constable who without any writ, takes into his possession property against the will and protest of the owner, makes himself and his bondsmen liable in damages, nor will it make any difference that the constable acted on the

strength of the note of the owner the constable supposed erroneously author-
ized the taking of the property.

2- While this court is not inclined to sanction damages for wrongful conduct out of
proportion to the injury of which plaintiff complains, yet, in a suit of this
character the court will, in the assessment of the damages, give an amount
calculated to mark the judicial condemnation of wrongful conduct for which
redress is sought.

ON APPEAL from the Civil District Court for the Parish of Orleans.
Rightor, J.

Benjamin Rice Forman and B. R. Forman, Jr., for Plaintiff, Appellee.

Bernard McCloskey for Foley and Brennan, Defendants and Appel-
lants.

Benjamin Ory for Albert Fourcade, Defendant and Appellant.

Argued and submitted November 9, 1898.
Opinion handed down November 21, 1898.
Rehearing refused December 19, 1898.

The opinion of the court was delivered by

MILLER, J. The defendants appeal from the judgment condemn-
ing them to pay plaintiff five hundred dollars damages for an alleged
illegal appropriation of his property.

In a suit for rent the plaintiff's property was seized and the seizure
was released on a forthcoming bond signed by one of the defendants
as surety; from the judgment against him in the magistrate's court
plaintiff appealed, and the judgment of the lower court was reversed.
Before that reversal the plaintiff addressed his surety a note
expressing thanks to him, and stating, in effect, that the appeal
would not be prosecuted, but the property which had been seized
and released on the forthcoming bond would be surrendered to settle
the landlord's claim. The surety, anxious to be released of liability on
the bond, carried the note to the constable who had executed the writ
of provisional seizure, but had later released the property on the
forthcoming bond, and at the instance of the surety, the constable,
without any writ in his hands, proceeded to plaintiff's store and took

possession of its contents, cloths and the tools and implements of plaintiff's occupation, a merchant tailor. The testimony fixes the cost of this property at six hundred dollars. It was taken by the constable against the plaintiff's earnest protest, and is still in possession of the constable.

The plaintiff's petition sets forth the action of the surety and constable, charges malice of the defendants, that their action was wholly illegal and violent to the great injury of plaintiff in his business and reputation, and besides actual damages, claims punitory damages of the surety, the constable and his official bondsmen made defendants. The answer denies malice, alleges the note of the surety to plaintiff as authorizing the steps taken by the constable and denies the alleged injury to plaintiff.

It will be perceived that the dispossession complained of by the plaintiff was of property he supposed he would be called on to surrender to the landlord, and which the plaintiff proposed in his note to deliver for the relief of his surety. On that note the surety acted in directing the constable to make the seizure. True, the note did not contemplate the interposition of the constable, nor any coercive action by the surety. We think, however, some allowance is to be made for the supposition on the surety's part, that in obtaining possession of property by means of the constable's action, it was accomplishing the surrender the plaintiff's note announced he was ready to make. For the surety's primary action, mistaken as we think it was, the plaintiff's note must exert some mitigating influence in the judgment we are called on to give the plaintiff. But with all due allowance for the plaintiff's note urged upon us as a justification of the taking of his property, we can not regard the note as tending, in any way, to excuse the dispossession of plaintiff, after his protest, both to the surety and the constable. The note was voluntary, and plaintiff was at liberty to withdraw the consent the note gave, and obviously had the right to protest against the method adopted by the surety in seeking possession of the property. The action of the surety and constable in taking the property, after that protest, was violence simply, without warrant of law.

We have in our examination of the case given the defendants all the benefit they can reasonably claim from the plaintiff's note. We can not appreciate that plaintiff complaining of the unlawful acts of defendants is to be denied relief, because, to avert the wrong done

him, he did not furnish another bondsman to take the place of the defendant, his surety. It may well be he could not give a new surety, but in no view was he required to make the effort under penalty of forfeiting his right to damages. It is claimed the constable is willing to surrender the goods. If they had been surrendered our judgment would accord due influence to the surrender, but the constable retains possession of the property.

In our view the case is one for damages against the constable for taking possession of plaintiff's property without any writ to authorize his action, against the surety for instigating the proceedings of the constable and against the other defendant, the bondsman, and the circumstances warrant and call for punitory as well as actual damages.

On the question of damages to be allowed the plaintiff, the court has had some difficulty, incident to this class of cases in adjusting the amount. In connection with the alleged injury to plaintiff's business and credit we must give due consideration to his condition of financial embarrassment resulting, as we gather from the record in his cession to his creditors. We do not feel authorized to allow, as part of the damages, the fee of the attorney, who brings suit to obtain redress for plaintiff's injuries caused by the wrongful conduct of defendants. We are not inclined to give damages out of proportion to the actual injury of plaintiff, and beyond the amount appropriate to mark the judicial condemnation of wrongful conduct, the basis of the suit. Under all the circumstances, we think it proper to award the plaintiff six hundred dollars with the right reserved to defendants to the credit for the present value of plaintiff's property taken by the constable, thus placing on defendants the depreciation in value of the property, since the plaintiff was dispossessed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to give the plaintiff six hundred dollars, instead of five hundred, this amount six hundred dollars ($600) to be credited with the present value of plaintiff's property wrongfully seized by the constable, provided the property be surrendered by him when this judgment becomes final, the value to be ascertained by an appraisement to be made under the direction of the lower court and at defendants' costs, and as thus amended, the judgment of the lower court is affirmed, defendants to pay all costs.